FILED
JUL - 6 2004
PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| ANNETTE L. ROGERS, | ) CASE NO. 03-09382-8-JRL |
| Debtor, | ) |
| WILLIAM P. JANVIER, TRUSTEE, | ) |
| Plaintiff, | ) CHAPTER 7 |
| vs. | ) |
| | ) ADVERSARY PROCEEDING NO. |
| MICHELLE A. PITTMAN and PAUL A. PITTMAN, | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

NOW COMES William P. Janvier, Chapter 7 Trustee, and complains and alleges as follows:

1. The Plaintiff, William P. Janvier, is the court appointed Chapter 7 Trustee.

2. The Defendants, Michelle A. Pittman and Paul A. Pittman, are residents of Williamston, North Carolina. Defendants are insiders of the Debtor.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 334, in that the matters herein are related to the Chapter 7 case of Annette L. Rogers, Case No. 03-09382-8-JRL filed on October 29, 2003. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) to recover preferences.

4. On or about January 7, 2003, Defendants recorded a Deed of Trust on property owned by the Debtor securing an alleged $20,000.00 debt (the "Transfer"). A copy of the Deed of Trust is attached hereto as Exhibit "A."

5. The Transfer constituted a transfer of an interest of the Debtor, to or for the benefit of a creditor, for or on account of an antecedent debt owed by the Debtor before such transfer was made. The Transfer, if not avoided, would enable the Defendants to obtain a greater percentage of Debtor's debt than Defendants would have received if the property was still in the estate on the date of filing and distributions were made under Chapter 7 liquidation rules.

6. The Transfer is avoidable and recoverable under Bankruptcy Code §§ 547 and 550.

WHEREFORE, Plaintiff prays that:

1. The Court enter judgment avoiding the Deed of Trust, or alternatively against the Defendants for the value of the assets transferred as determined by the Court.

2. The costs of this action be taxed to the Defendants; and

3. The Court grant such other and further relief as the Court may deem just and proper.

This the 2nd day of July, 2004.


EVERETT, GASKINS, HANCOCK & STEVENS, LLP

BY: *Ashley Matlock Poole*
Ashley Matlock Poole
N.C.S.B. No. 27959
William P. Janvier
N.C.S.B. No. 21136
P. O. Box 911
Raleigh, NC 27602
Telephone No. (919) 755-0025


J:\Janvier,Trustee\Rogers, Annette\Pleadings\amended complaint.wpd

2